## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT DAVID NEAL, | ) |
| Plaintiff, | ) ) |
| vs. | )  No. 2:12-cv-40-JMS-DKL |
| F. TIMOTHY COLEMAN, et al., | ) ) ) |
| Defendants. | ) |

**Entry and Notice**

**I.**

Rule 2 of the *Federal Rules of Civil Procedure* makes clear that there is only one form of action—a civil action. Rule 3 of the *Federal Rules of Civil Procedure* prescribes that a civil action is commenced through the filing of a complaint. A lawsuit is a serious matter—an activity "in which serious people attend to serious business," *Morris v. Jenkins,* 819 F.2d 678, 682 (7th Cir. 1987)--and a complaint is a vital part of a lawsuit. Pursuant to Under Fed.R.Civ.P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The complaint in this action violates Rule 8(a)(2) and is therefore dismissed. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)("dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

**II.**

**A.**

The dismissal of the complaint will not in this instance result in the dismissal of the action. *Benjamin v. United States,* 833 F.2d 669, 671 (7th Cir. 1987). Instead, the plaintiff shall have **through April 1, 2012,** in which to **file an amended complaint.** If an amended complaint is filed, it shall conform to the following guidelines:

• The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

• The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

• The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

**B.**

If an amended complaint is filed as permitted in Part II.A. of this Entry, that pleading will be examined and an appropriate order will issue following the completion of that step. Any claim which lacks plausibility will be dismissed. *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003)("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.")(citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). In conjunction with this standard, the plaintiff is notified that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

**III.**

Proceedings other than those specified in Part II.B. of this Entry are **stayed.**

**IT IS SO ORDERED.**

Date: 03/06/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Robert David Neal
No. 15151-180
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808